**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| LISA KILKER, | ) | CASE NO.  8:25-CV-614 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT EWING'S |
| | ) | ANSWER |
| JOHN EWING, JR., | ) | TO COMPLAINT |
| | ) | |
| Defendant. | ) | |

Defendant John Ewing, Jr., sued in his official capacity as the Mayor of the City of Omaha ("City of Omaha"), hereby answers the Complaint Plaintiff Lisa Kilker ("Kilker") filed on October 13, 2025, as follows:

1. The City of Omaha states that the "Nature of the Action" portion of Kilker's Complaint is an editorial summary of the allegations set forth elsewhere in the Complaint. The City of Omaha incorporates its responses to those allegations as if set forth in response to the "Nature of the Action" section.

2. The City of Omaha admits the factual allegations in paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 20, 23, 24, 25, 26, 27, 32, 33, 34, 35, 37, 38, 39 (with the affirmative qualification that the City of Omaha is not able to admit or deny the truth of Kilker's statement of present fact regarding Regis residents taking out a one million dollar loan and, therefore, denies this portion), and 40 of the Complaint.

3. The City of Omaha denies those factual allegations in paragraph 8 of the Complaint claiming the page solicits feedback, invites interaction, and is presented as an official channel of communication. The page is intended to provide information to other social media users who choose to follow it and it is not intended to create an opportunity for expressive activity by those who follow it. The City of Omaha affirmatively states that, ordinarily, the commenting function is meant to be deactivated for posts made to the page.

4. The City of Omaha admits only that, for a time, some of Mayor Ewing's Facebook posts were open to comments and that Mayor Ewing would, on occasion, interact with commenters as alleged in paragraph 17 of the Complaint. The City of Omaha denies that the comment function was

intended to be active, and affirmatively states that Mayor Ewing's ordinary practice was to deactivate the comment function on posts to the page.

5. The City of Omaha denies those legal conclusions and those legal conclusions Kilker has couched as factual allegations throughout paragraphs 18, 19, 21 (including sub-parts "a" and "b"), 22, 31, 36, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, and 57 of the Complaint.

6. The City of Omaha incorporates its admissions and denials in response to paragraph 51 of the Complaint.

7. The City of Omaha is without sufficient information to admit or deny the allegations in paragraphs 28, 29, 30, and 41 of the Complaint and, therefore, denies same.

## AFFIRMATIVE DEFENSES

8. Kilker fails to state a claim upon which relief may be granted under *Monell v. New York Dep't Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).

9. City of Omaha policies and customs do not reflect the state of mind necessary for imposition of municipal liability under *Monell, supra.*

10. Kilker failed to mitigate her claimed emotional distress.


Dated December 15, 2025.

JOHN EWING, JR., Defendant

By:     s/Timothy K. Dolan
        Timothy K. Dolan, No. 20978
        Assistant City Attorney
        City Law Department
        Omaha/Douglas Civic Center
        1819 Farnam Street, Suite 804
        Omaha, Nebraska 68183
        Telephone (402) 444-5115
        Fax (402) 444-5125
        Email tim.dolan@cityofomaha.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically filed the foregoing Defendant Ewing's Official Capacity Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to parties using the system.

s/ Timothy K. Dolan