# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA KILKER, | ) | CASE NO. 8:25-CV-614 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT EWING'S** |
| | ) | **BRIEF IN OPPOSITION** |
| JOHN EWING, JR., | ) | **TO PRELIMINARY** |
| | ) | **INJUNCTION** |
| Defendant. | ) | |

## INTRODUCTION

Defendant Omaha Mayor John Ewing, Jr. ("Ewing") generally agrees with Plaintiff Lisa Kilker's ("Kilker") description of his Facebook page titled "Mayor John W. Ewing, Jr." (hereinafter "the Page"), along with her comment upon the October 4, 2025 post (hereinafter the "Post") to it, and her ensuing - albeit temporary - blockage from the Page. Ewing's respectful disagreement is with Kilker's assertion that federal injunctive relief is necessary. The uncontested and unequivocal evidence shows that it is not. Ewing has remedied the circumstances giving rise to Kilker's lawsuit as best as technical limitations allow; and also shows that he has also taken steps to make sure the underlying situation is not repeated. *See* CM/ECF 12, Index in Opposition to Preliminary Injunction, Exhibit 1, Declaration of John Ewing, Jr. ("Ewing Decl."), ¶¶ 5 and 7 (Kilker is not blocked from the Page and Ewing has delegated daily management of the Page to another person who ensures the commenting function is deactivated). *See also* CM/ECF 6 (Plaintiff's Motion for a Preliminary Injunction) at ¶¶ 7 and 8 (admitting Ewing no longer blocks Kilker from the Page and that the

1

comment function is deactivated). Kilker's motion for a preliminary injunction should be denied.

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022) (quoting *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008)). The primary purpose of a preliminary injunction is to preserve the status quo until there is an opportunity to grant full effective relief. *Id.* "Requiring [the defendant] to take affirmative action ... before th[e] issue has been decided on the merits goes beyond the purpose of a *preliminary* injunction." *Id.* (quoting *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/ScottFetzer Co.*, 997 F.2d 484, 490 (8th Cir. 1993) (bracketing and italics in original). A district court has discretion to either enter or deny entering a preliminary injunction. *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1446, 1472 (8th Cir. 1994).

The movant seeking this extraordinary remedy bears the burden of demonstrating it is warranted. *Tumey, supra* (quoting *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021)). "As the Supreme Court has succinctly stated: 'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* at 664-65 (quoting *Winter, supra*), and citing *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). "The movant must show

that 'irreparable injury is *likely* in the absence of an injunction, not merely a 'possibility' of irreparable harm before a decision on the merits can be rendered.'" *Id.* at 665 (quoting *Winter, supra*).

## UNDISPUTED FACTS

1. Ewing's ordinary deactivation of comments to posts made on the Page is a categorical approach that is both viewpoint - and content-neutral. Ewing Decl., ¶ 3. Ewing intends for the deactivation of the commenting function to apply to all posts on the Page, and in relation to all users who follow it. *Id.*

2. Due to an error, several Facebook posts made around the same time as the October 4, 2025, post that is at issue in this lawsuit did not have the comment function deactivated. *Id.* at ¶ 4. Deactivation must be done on a post-by-post basis, and there was a window of time when this step was forgotten. *Id.*

3. By mid-October 2025, the comment function on all posts to the Page was once again being deactivated and moving forward all posts to the Page will have the comment function deactivated. *Id.*

4. Ms. Kilker is no longer blocked from the Page, as her October 29, 2025, filing concedes. *See* CM/ECF 6, p. 2, ¶ 7 ("After Plaintiff filed this lawsuit, the Mayor unblocked Plaintiff from the official page.")

5. Ewing does not intend to block her from the Page again. *Id.* at ¶ 7. Thus, one of four (4) items Kilker requested as relief in her Complaint (CM/ECF 1, p. 15, sub-part "B") is already accomplished.

6. Ewing cannot restore his October 4, 2025, post to the Page or Kilker's comment to it. *Id.* at ¶ 8.

## ARGUMENT

No preliminary injunction should issue. Ewing has unblocked Kiler from the Page and he has ensured a content- and viewpoint neutral practice of deactivating comments on all posts to the Page will be in place moving forward. Ewing Decl., ¶¶ 3 and 7. The parties' status quo is preserved without resort to the extraordinary remedy of injunctive relief. *See Tumey, supra* (purpose of injunction is to preserve status quo).

Requiring Ewing to take additional, affirmative action – especially action that is no longer technologically feasible (*See* Ewing Decl., ¶ 8 (the October 4th post cannot be restored) - before any remaining issues are decided on the merits goes beyond the purpose of a preliminary injunction. *Id.* Notwithstanding the generally restrictive scope of injunctive relief, the balance of factors simply weighs against this Court's entry of an injunction.

The main reason to deny Kilker's motion is that she cannot show she faces a threat of irreparable harm. Ewing has ensured there will not be any recurrence of the events she sues for. Ewing Decl., ¶¶3 and 7. *See also Sessler v. City of Davenport, Iowa*, 990 F.3d 1150, 1156 (8th Cir. 2021) (speculating about possible future harm will not support a preliminary injunction), and *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023) (movant must show that harm is certain and great and of such imminences that there is a clear and present need for equitable relief). In the Eighth Circuit, this is a relevant consideration. *Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989) (stating "in order to obtain injunctive relief, a plaintiff must show some substantial likelihood that past conduct alleged to be illegal will recur" and noting "they made absolutely no showing that such practices are likely to affect them in the future"). On a related note, Kilker has an adequate remedy at law for redressing her temporary Facebook ban and the deletion of the October 4, 2025, post. 42 U.S.C. § 1983 ("§ 1983") provides a remedy for Ewing's alleged violation of the First Amendment. When a movant has an adequate remedy at law, injunctive relief will not issue. *Frank B. Hall & Co. v. Alexander & Alexander, Inc.*, 974 F.2d 1020,

1025 (8th Cir. 1992). Given no likelihood of recurrence and given the availability of redress through her § 1983 action, Kilker faces no threat of irreparable harm. "The failure of a movant to show irreparable harm is an 'independently sufficient basis upon which to deny a preliminary injunction.'" *Sessler, supra* (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

Kilker fares no better on *Dataphase's* other factors. While Ewing concedes for purposes of this motion that she is likely to succeed on the merits of her First Amendment claim under § 1983, his voluntary correction of the underlying situation greatly diminishes the role this factor plays in weighing the need for injunctive relief because the remaining issues are essentially monetary. The same rationale neutralizes the "balance of equities" factor. "When applying this factor, the key question is whether the movant's harm without a preliminary injunction exceeds the nonmovant's likely harm with a preliminary injunction in place." *Cigna Corporation v. Bricker*, 103 F.4th 1336, 1347 (8th Cir. 2024). Kilker faces no harm absent an injunction since she is already free to access the Page in the same manner as any of its other followers. For the same reason, entry of a preliminary injunction does not advance the public interest. *Eggers v. Evnen*, 48 F.4th 561, 564 (8th Cir. 2002) (when a plaintiff seeks to restrain governmental action, the public interest and balancing of harm factors largely merge).

## CONCLUSION

There is no clear and present need for injunctive relief. Kilker asked this Court to restore her access to the Page (*See* Complaint, CM/ECF 1, p. 15, sub-part "B") and

Ewing has already done so. Kilker asked this Court to prohibit viewpoint-based blocking from the Page (*Id.*), and Ewing has taken steps to do so since this is how the Page was originally intended (although not how it functioned during the anomalistic few weeks during October when the commenting function was inadvertently left on). The only issues remaining concern fair compensation for the short period of time Kilker was blocked from the Page, and her attorney fee. *Id.* at sub-parts "C" and "D". Neither are appropriately resolved via preliminary injunction. Kilker's motion for injunctive relief should be denied.

Dated this 15th day of December 2025.

JOHN EWING, JR.
DEFENDANT,

By: s/Timothy K. Dolan
Timothy K. Dolan, No. 20978
City Law Department
Omaha/Douglas Civic Center
1819 Farnam Street, Suite 804
Omaha, Nebraska 68183
Telephone (402) 444-5115
Fax (402) 444-5125
Email tim.dolan@cityofomaha.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that on December 15, 2025, this brief complied with the word count limitation provided in NECivR 7.1(d)(1)(A) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, quotations, and certifications. This document was prepared using Microsoft Word and contains 1,675 words. I further certify pursuant to NECivR 7.1(d)(4)(B) that no generative artificial intelligence program was used in drafting this document.

s/ Timothy K. Dolan

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of December, 2025, the foregoing Defendant Ewing's Brief in Opposition to Preliminary Injunction was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to parties using the system.

s/ Timothy K. Dolan