IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA KILKER,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN EWINGJR., in his official capacity as Mayor of the City of Omaha;<br><br>Defendant. | 8:25CV614<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff's motion for preliminary injunction. Filing No. 6. Plaintiff claims Defendant, Mayor of the City of Omaha, violated her First Amendment rights when he deleted a Facebook post on which she had commented and banned her from viewing his Facebook page. She asks the Court to order Defendant to reinstate the post and to prohibit him from deleting comments or blocking Plaintiff from his Facebook page in the future. The Court concludes Plaintiff has not met her burden to demonstrate that injunctive relief is warranted. Accordingly, the Court denies the motion.

I.   BACKGROUND

Plaintiff, Lisa Kilker, owns and resides in a condo united at the Regis Condominium Building in downtown Omaha, Nebraska. Filing No. 6-4 at 1. Around April 2024, a pressurized sewer collapsed near the Regis building. Filing No. 6-4 at 2. A sinkhole resulting from the sewer collapse formed in the street near the Regis building on January 2, 2025, resulting in sewage repeatedly flooding into the Regis's basement. Filing No. 6-4 at 2.

Defendant, John Ewing, Jr., is the current Mayor of the City of Omaha. Filing No. 12-1 at 1. Kilker had supported Ewing during his campaign because she believed he

1

would help repair the sinkhole and the damage caused to the Regis building.  Filing No. 6-4 at 2.  However, after Ewing was elected, Kilker felt he was not making progress in repairing the sinkhole or the building damage.  See Filing No. 6-4 at 2.

Ewing maintains a Facebook page entitled "Mayor John W. Ewing, Jr." which he uses to provide information to his constituents.  Filing No. 12-1 at 1.  Ewing claims it is his practice to deactivate the commenting function on the Facebook page such that is an informational profile rather than one that allows expressive activity by the public.  Filing No. 12-1 at 1.  Kilker's attorney argues that Ewing only made the change to deactivating comments after the commencement of this lawsuit.  See Filing No. 6-1 at 15.

On October 4, 2025, the Mayor John W. Ewing, Jr. Facebook page reposted a positive comment from a supporter with the hashtags "public service" and "empathy."  Filing No. 6-5 at 2.  This post did not have public commenting deactivated, a move Ewing classifies as an oversight.  See Filing No. 12-1 at 1.  Several users commented on the post, including Kilker.  Filing No. 6-5 at 2.  She wrote, "The Regis building residents have just had to take out a $1 million loan to pay for repairs for the sinkhole. You ran a campaign on promising to help us. What happened to those promises??"  Filing No. 6-5 at 2.

On October 13, 2025, Kilker attempted to again view the Mayor John W. Ewing, Jr. Facebook page and was met with a message saying she did not have access to the page.  Filing No. 6-4 at 3.  The parties characterize this as "blocking" her from the page.  See Filing No. 6-4 at 3; Filing No. 12-1 at 2.  The parties agree she now has full access to the page again.

On October 14, 2025, Kilker filed suit against Ewing for violation of her First Amendment rights.  See Filing No. 1.  On October 24, Kilker again tried to access the

Mayor John W. Ewing, Jr. Facebook page and was able to access it. Filing No. 6-4 at 3. However, the October 4 post on which Kilker had commented no longer appeared on the Facebook page. Filing No. 6-4 at 3. Ewing admits having deleted the post, which he now says was something he "should not have" done. Filing No. 12-1 at 2. He avers that because the post was deleted more than thirty days ago, it cannot be restored, a point Kilker does not refute. Filing No. 12-1 at 2.

In her complaint, Kilker asserted a violation of her First Amendment rights under 42 U.S.C. § 1983 when Ewing removed her comment and blocked her from the Facebook page. Filing No. 1 at 13–14. Two weeks later, after serving Ewing, she moved for a preliminary injunction. She asks the Court to restore the October 4, 2025, post including her comment; prohibit Ewing from deleting, hiding, or otherwise restricting comments based on viewpoint or criticism of the mayor or City of Omaha; prohibit Ewing from blocking or restricting Kilker's access to the Mayor John W. Ewing, Jr. Facebook page; and award her damages and attorney's fees.

## II.   ANALYSIS

### A. Legal Standard

Fed. R. Civ. P. 65 governs the issuance of preliminary injunctive relief. In deciding whether to issue a preliminary injunction, the Court considers: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc),

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Consequently, a court must be "mindful that a movant carries a 'heavier' burden when granting a preliminary injunction has the effect of awarding the movant substantially the relief it could obtain after a trial on the merits." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946 (8th Cir. 2023) (quoting *Calvin Klein Cosms. Corp. v. Lenox Lab'ys, Inc.*, 815 F.2d 500, 503 (8th Cir. 1987)).

**B. Irreparable Harm**

The Court first turns to the factor of irreparable harm which proves dispositive of this matter. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996) (citing *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986)). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citing *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996)).

Kilker has failed to demonstrate that she faces harm that is "certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd.*, 109 F.3d at 425. Kilker argues the harm she would suffer in the absence of a preliminary injunction is "continued suppression of [her] speech." Filing No. 6-1 at 19. But as Ewing has stated and Kilker concedes, the mayor no longer allows public

4

commenting on *any* of his social media posts. Therefore, there is no ongoing suppression of Kilker's or any other member of the public's speech. Rather, she takes issue with his removal of her comment on the post in question: a past incident that is now completed and thus fails to prove the imminence required for preliminary injunctive relief.

The remedy Kilker seeks belies her argument that she is suffering an ongoing injury. She wants Ewing to restore the post including her comment and for the Court to prohibit him from deleting comments and blocking her in the future. *See* Filing No. 6 at 4. She does not explain why a preliminary injunction is necessary as opposed to allowing the case to be litigated on its merits and, should she prevail, restoring the post at that time. First, the parties agree that Kilker is no longer blocked from the Mayor John W. Ewing, Jr. Facebook page and that Ewing now uniformly disables public comment on all his posts. Therefore, two of her three requests have been granted. As to restoring the post, Ewing avers that he is unable to do so on the Facebook platform due to the length of time that has passed. Even if restoring the post were possible or the Court ordered Ewing to re-post it so Kilker could comment again as she suggests in the alternative, Kilker has still failed to show how such an action is necessary to avoid irreparable and imminent harm as opposed to be implemented at the conclusion of the case.

Kilker argues that Ewing could re-block her or re-enable comments at any time. *See* Filing No. 15 at 6. But voluntary cessation is an exception to the doctrine of mootness, not a basis for finding irreparable harm when seeking preliminary injunctive relief and is thus inapplicable here.

The Court finds Kilker has failed to demonstrate she is likely to suffer irreparable harm. Given the discrete nature of the alleged First Amendment violation and the fact it

has already occurred, there is no ongoing, irreparable, or imminent harm. The remedies available to her should she prevail in her lawsuit are adequate. Accordingly, the lack of irreparable harm alone is reason enough to deny her request for preliminary injunction. *See* *Watkins Inc.*, 346 F.3d at 844.

### C. Remaining factors

The Court has also considered Kilker's likelihood of success on the merits, the balance of harms, and the public interest. Ewing concedes Kilker's likelihood of prevailing on the merits of her First Amendment for purposes of the present motion. However, even taking Ewing's concession at face value, this factor is still outweighed by the fact there is no irreparable harm or imminency requiring preliminary relief as explained above. Should Kilker prevail at trial, she will receive her remedy at that time.

The balance of harms is neutral as neither party will suffer greatly depending on the timing of a re-posting a Facebook comment, especially considering Kilker has already been afforded part of the relief she seeks.

Lastly, while the public undoubtedly has an interest in upholding the First Amendment, that interest is mitigated by the fact that in this case, Ewing has restored the public forum (his Facebook page) and the public is not suffering a deprivation of any rights. At issue is only the single historic Facebook post Kilker takes issue with. Accordingly, this factor does not overcome the fact that Kilker has failed her burden of demonstrating irreparable harm.

### D. Case Progression

Given Plaintiff's insistence on an immediate remedy and the nature of the complaint, the Court sees no reason for protracted discovery. Therefore, the Court will

set this matter for trial within six months. The Magistrate Judge will manage trial progression accordingly.

### III.   CONCLUSION

Having considered the *Dataphase* factors, the Court finds Kilker has failed to meet her burden of proving preliminary injunctive relief is necessary, specifically because she has not demonstrated irreparable harm. Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for preliminary injunction, Filing No. 6, is denied.
2. Given the facts of this case, the Magistrate Judge is ordered to set this matter for trial within six months of today's date.

Dated this 23rd day of December, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge