IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA KILKER, | ) | CASE NO. 8:25-CV-614 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT EWING'S |
| | ) | ANSWER TO FIRST |
| JOHN EWING, JR., | ) | AMENDED COMPLAINT |
| | ) | |
| Defendant. | ) | |

Defendant John Ewing, Jr., sued in his official capacity as the Mayor of the City of Omaha ("City of Omaha"), hereby answers the First Amended Complaint ("FAC") Plaintiff Lisa Kilker ("Kilker") filed on January 30, 2026, as follows:

## NATURE OF THE DEFENSE

This Answer and the responses herein mark the City of Omaha's admission that Kilker suffered a First Amendment loss on or about October 10, 2025 when a comment she had made in response to an October 4, 2025 post to the Facebook page titled "Mayor John W. Ewing, Jr." was deleted, her access to this page blocked; and – either on shortly after that date - the entire post (including comments) was deleted. Aside from determining appropriate remedial measures (to include damages), the City of Omaha respectfully submits there are no facts remaining in controversy regarding this aspect of Kilker's First Amendment claim. The City of Omaha must deny Kilker's newly-added First Amendment claim that the deletion of the entire post was done in retaliation for Kilker's filing of this lawsuit because the October 4, 2025 post and all comments were deleted for the same reason her comment was originally deleted and her access blocked. Her commencement of this lawsuit did not motivate the actions.

## ADMISSIONS, DENIALS, AND AVERMENTS OF INSUFFICIENT KNOWLEDGE

1. The City of Omaha states that the "Nature of the Action" portion of Kilker's Complaint is an editorial summary of the allegations set forth elsewhere in the FAC. The City of Omaha incorporates its responses to those allegations as if set forth in response to the "Nature of the Action" section.

1

2. The City of Omaha admits the factual allegations in paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 18 (although this is a legal conclusion couched as a factual allegation the City of Omaha does not contest it), 19 (although this is a legal conclusion couched as a factual allegation the City of Omaha does not contest it), 20, 22 (although this is a legal conclusion couched as a factual allegation the City of Omaha does not contest it), 23, 24, 25, 26, 27, 32, 33, 34, 35, 37, 38 (save the portion about Kilker reading the post on October 10, 2025, which the City of Omaha can neither admit nor deny as noted in paragraph 5, below), 39, 40, 41 (with the affirmative qualification that the City of Omaha is not able to admit or deny the truth of Kilker's statement of present fact regarding Regis residents taking out a one million dollar loan and, therefore, denies this portion), 42, 44, 45 (admitting that portion alleging the creation of a designated public forum and denying the balance of this paragraph), 46 (with the qualification that this was the effect in this instance, but paragraph 3, below clarifies that the page was not intended to create a forum for communication), 47 (that portion alleging that Kilker's post addressed a matter of public concern, but denying the portion alleging the City of Omaha has failed to maintain public infrastructure), 48 (although this is a legal conclusion couched as a factual allegation the City of Omaha does not contest it), 49, 50, 51, 52, 53, 55, 57 (admitting that portion alleging for thirty (30) days it was possible to restore the post and that this period expired. *But see* paragraph 5, below for specific denial), 58, 60 (although this is a legal conclusion couched as a factual allegation the City of Omaha does not contest it), 61, 62, 63, 64 (admitting that portion alleging Kilker suffered a constitutional deprivation), and 65, 67, and 69 of the FAC.

3. The City of Omaha denies those factual allegations in paragraph 8 of the FAC claiming the page solicits feedback, invites interaction, and is presented as an official channel of communication. The City of Omaha affirmatively states that the page is intended to provide information to other social media users who choose to follow it and it is not intended to create an opportunity for expressive activity by those who follow it. The City of Omaha affirmatively states that, ordinarily, the commenting function is meant to be deactivated for posts made to the page and this deactivation is a categorical, viewpoint - and content-neutral approach that is intended to apply in relation to all users.

For clarity: The City of Omaha admits that once comments were open in relation to the October 4 post at issue in this lawsuit, the First Amendment prohibited the City of Omaha from blocking users such as Kilker based upon the viewpoints they expressed, from deleting comments from users such as Kilker, and from deleting the post in its entirety.

4. The City of Omaha admits only that, for a time, some of Mayor Ewing's Facebook posts were open to comments and that Mayor Ewing would, on occasion, interact with commenters as alleged in paragraph 17 of the FAC. The City of Omaha denies that the comment function was intended to be active and affirmatively states that Mayor Ewing's ordinary practice was to deactivate the comment function on posts to the page.

5. The City of Omaha denies those legal conclusions and those legal conclusions Kilker has couched as factual allegations throughout paragraphs 21 (including sub-parts "a" and "b"), 31, 36, 38 (as noted in paragraph 2, above), 54, 56, and 57 (specifically, that portion alleging that Mayor Ewing deleted the post in retaliation for Kilker's lawsuit), 68 (specifically, that portion alleging action in retaliation for Kilker's filing of this lawsuit), 70, and 71 of the FAC.

6. The City of Omaha incorporates its admissions, denials, and averments of insufficient information in response to paragraphs 59 and 66 of the FAC.

7. The City of Omaha is without sufficient information to admit or deny the allegations in paragraphs 28, 29, 30, 38 (only the portion about Kilker reading the post – the balance is admitted), 43, and 64 (only the portion alleging Kilker has suffered emotional distress and a chilling of her speech) of the FAC and, therefore, denies same.

## AFFIRMATIVE DEFENSES

8. Kilker fails to state a claim upon which relief may be granted under *Monell v. New York Dep't Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).

9. City of Omaha policies and customs do not reflect the state of mind necessary for imposition of municipal liability under *Monell, supra*.

10. Kilker failed to mitigate her claimed emotional distress.

11. Kilker is equitably estopped from benefitting from the City of Omaha's inability to restore the original, deleted post and its comments.

Dated February 6, 2026.

                            JOHN EWING, JR., Defendant

            By:    s/Timothy K. Dolan
                     Timothy K. Dolan, No. 20978
                     Assistant City Attorney

>City Law Department
>Omaha/Douglas Civic Center
>1819 Farnam Street, Suite 804
>Omaha, Nebraska 68183
>Telephone (402) 444-5115
>Fax (402) 444-5125
>Email tim.dolan@cityofomaha.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I electronically filed the foregoing Defendant Ewing's Official Capacity Answer to Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to parties using the system.

>s/ Timothy K. Dolan

4