**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| LISA KILKER, | ) | CASE NO. 8:25-CV-614 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT EWING'S |
| | ) | BRIEF IN SUPPORT OF |
| JOHN EWING, JR., | ) | MOTION *IN LIMINE* |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant John Ewing, Jr., sued in his official capacity as Mayor of the City of Omaha, Nebraska (the "City"), hereby submits this brief in support of its motion *in limine* prohibiting references during trial of the above matter (including voir dire, opening statements, testimony, and closing arguments) to certain arguments or claims that ought not be submitted for jurors' consideration.

**LEGAL STANDARD**

"[T]he motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It performs a gatekeeping function and permits the trial judge to eliminate evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable [sic] for any purpose. The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). In order to

1

maintain the focus of the upcoming trial, this Court should use this important tool to exclude questions about, commentary upon, evidence of, or reference to evidence that is irrelevant, collateral, highly prejudicial and misleading to the jury, not probative of any relevant issues, and otherwise inadmissible. *See* Fed. R. Evid. 102, 401, 402, 403, 801, and 802.

1. **<u>Statements equating nominal damages and compensatory damages or claiming Ms. Kilker suffered actual, provable injury</u>.**

Plaintiff seeks only nominal damages. CM/ECF 48, Index of Exhibits in Support of Motion in Limine ("Index"), Exhibit 1, Declaration of Tim Dolan ("Dolan Decl.") at ¶2 and attachment "A" (Ms. Kilker's initial disclosures clarifying that she seeks only nominal damages), ¶3 at attachment "B" (Ms. Kilker emailed attachment to this Court's chambers dated Sunday, March 15, 2026 at 6:18 p.m. stating in its "Damages and Attorneys' Fees" section that this Court find "Plaintiff is entitled to nominal damages."), and ¶ 4 at attachment "C" (the May 20, 2026 proposed Order on Final Pretrial Conference which includes among the controverted facts in Section "C" – "The amount of nominal damages to which Plaintiff is entitled.") Nominal damages are the appropriate means of vindicating constitutional violations when no actual, provable injury is shown. *Corpus v. Bennett*, 430 F.3d 912, 916-17 (8th Cir. 2005). By maintaining – since submitting mandatory initial disclosures through last week – that her damages are nominal, allowing evidence of claimed, actual injuries would contradict the very purpose of the Federal Rules of Evidence (*See* Fed. R. Evid. 102 (their purpose is to administer proceedings fairly) and unfairly prejudice the

defendant who has relied upon Ms. Kilker's representations in determining pretrial discovery methods (including, without limitation, not subjecting Ms. Kilker to deposition) and conducting its defense to maximize disclosure of evidence while attempting to keep an eventual award under 42 U.S.C. § 1988 reasonable. *See* Fed. R. Evid. 403.

2. **Golden Rule-style arguments or appeals to sympathy or fear.**

Ms. Kilker should be precluded from asking jurors to place themselves in either party's position (Golden Rule), invoking themes such as "community safety" or "protecting the public", or otherwise appealing to sympathy, fear, or passion. Such arguments are improper and unfairly prejudicial under Fed. R. Evid. 403. "A trial judge can and should exclude evidence when convinced that it will create a danger of prejudice outweighing its probative value." *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), aff'd sub nom. *Smith v. Wade*, 461 U.S. 30 (1983) (citing *E. I. DuPont DeNemours v. Berkley & Co., Inc.*, 620 F.2d 1247, 1272 (8th Cir. 1980)). Rule 403 protects against evidence that tends to suggest decision on an improper basis, including an emotional one. Fed. R. Evid. 403, Advisory Committee Notes to 1972 Proposed Rules. Rule 403 also protects against "[e]vidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." *United States v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008).

3. **Highly charged, inflammatory, and pejorative terms such as "censorship", "tyranny", or "un-American", and the like.**

Such arguments are improper and unfairly prejudicial under Fed. R. Evid. 403, and are particularly inappropriate when only nominal damages are at stake (since there is no sound strategic reason for trying to inflame the passions of jurors). For the same reasons cited in Section 2, above, Ms. Kilker should not be permitted to use terminology intended to inflame the passions of jurors.

4. **<u>Improper Lay Opinion and Expert Testimony</u>**.

(Rules 701–703, 702) Lay witnesses should be prohibited from offering opinions that must be based upon specialized knowledge, or that are not rationally based on their perception, including the alleged cause of the sinkhole that was the basis for Ms. Kilker's October 10, 2025 comment. Causation of the sinkhole is a matter requiring expert testimony that must satisfy Rule 702's reliability and helpfulness requirements. Further, such testimony must be limited to timely disclosed opinions within the expert's report and qualifications. Fed. R. Evid. 702–703; Fed. R. Civ. P. 26(a)(2). No experts have been disclosed in this matter. *See* Dolan Decl., ¶4, attachment "C", p. 5 at Section "E" (addressing Expert Witness testimony and stating – for both parties "N/A.") Any undisclosed expert testimony, late-disclosed expert opinions, or even lay opinions crossing into expert territory, should be excluded under Rule 37(c)(1).

**CONCLUSION**

For the foregoing reasons, the City respectfully requests that this Court exclude any questioning about, commentary upon, evidence of, or reference to the above-described evidentiary issues.

DATED this 26th day of May, 2026.

JOHN EWING, JR., Defendant in his
Official Capacity,

By: s/Timothy K. Dolan
    Timothy K. Dolan, No. 20978
    Assistant City Attorney
    City Law Department
    Omaha/Douglas Civic Center
    1819 Farnam Street, Suite 804
    Omaha, Nebraska 68183
    Telephone (402) 444-5115
    Fax (402) 444-5125
    Email tim.dolan@cityofomaha.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that on May 26, 2026, this brief complied with the word count limitation provided in NECivR 7.1(d)(1)(A) and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word and contains 1,135 words. I further certify pursuant to NECivR 7.1(d)(2) that no generative artificial intelligence program was used in drafting this document.

s/ Timothy K. Dolan

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, I electronically filed the foregoing Defendant Ewing's Brief in Support of Motion In Limine with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to parties using the system.

s/ Timothy K. Dolan